JS 44  (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Lenin Rodriguez
4190 Oliver Lane
Boothwyn, PA 19061

**DEFENDANTS**

American Airlines, Inc.
1 Skyview Drive, MD 8B503
Fort Worth, TX 76155

**(b)** County of Residence of First Listed Plaintiff      Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant      Tarrant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Lemieux-Fillery, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 267-546-0132

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 2000e-2(a)

Brief description of cause:
Title VII Claim - Discrimination

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $   150,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   11/2/2021

SIGNATURE OF ATTORNEY OF RECORD
s/ Mary Lemieux-Fillery

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|                          |   |               |
|--------------------------|---|---------------|
|                          | : | CIVIL ACTION  |
| Lenin Rodriguez          | : |               |
| v.                       | : |               |
| American Airlines, Inc.  | : |               |
|                          | : | NO.           |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X )

| 11/2/2021 | Mary Lemieux-Fillery | Lenin Rodriguez |
|-----------|----------------------|-----------------|
| **Date**  | **Attorney-at-law**  | **Attorney for** |
| 267-546-0132 | 215-944-6124      | MaryF@ericshore.com |
| **Telephone** | **FAX Number**   | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 4190 Oliver Lane, Boothwyn, PA 19061

Address of Defendant: 1 Skyview Drive, MD 8B503, Fort Worth, TX 76155

Place of Accident, Incident or Transaction: 8000 Essington Avenue, Philadelphia, PA 19153

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/22021   s/ Mary Lemieux-Fillery   312785
_____ *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Mary Lemieux-Fillery, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 11/2/2021   s/ Mary Lemieux-Fillery   312785
_____ *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LENIN RODRIGUEZ | : | |
| 4190 Oliver Lane | : | |
| Boothwyn, PA 19061 | : | |
| | : | |
| Plaintiff, | : | |
| | : | JURY DEMANDED |
| v. | : | |
| | : | CASE NO. |
| AMERICAN AIRLINES, INC. | : | |
| 1 Skyview Drive | : | |
| MD 8B503 | : | |
| Fort Worth, TX 76155 | : | |
| | : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

And now Plaintiff, LENIN RODRIGUEZ, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to the Title VII and Section 1981 of the Civil Rights Act of 1964, the Americans with Disabilities Act and its 2008 amendments ("ADA"), the Family Medical and Leave Act and the Pennsylvania Human Relations Act ("PHRA"), have been violated and avers as follows:

## I. PARTIES

1.     Plaintiff, Lenin Rodriguez ("Plaintiff" or "Rodriguez"), is an adult individual residing at 4190 Oliver Lane, Boothwyn, PA 19061.

2.     Defendant, American Airlines, hereinafter ("Defendant") is a major American airline with headquarters located at 1 Skyview Drive, Fort Worth, TX 75261.

3.      Defendant operates out of the Philadelphia International Airport located at 8000 Essington Avenue, Philadelphia, PA 19153, where Plaintiff was employed.

4.     At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## II. JURISDICTION

5.       This civil action for disability discrimination, racial discrimination and retaliation is instituted pursuant to the ADA, Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act, 43 P.S. § 951-963.

6.       This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

7.       Additionally, pursuant to 28 U.S.C. §1367, this Court has Supplemental jurisdiction to hear all of Plaintiff's claims arising under the PHRA.

8.       Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

9.       Plaintiff exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A," a true and correct copy of the Dismissal and Notice of Rights forwarded by the EEOC.)

## III. FACTS

10.       On or about April 2, 2012, Defendant hired Plaintiff as a fleet service agent.

11.       On or around December of 2018, Mr. Rodriguez was involved in a car accident while off work in his own vehicle.

12.       Just prior to his accident, Mr. Rodriguez had taken a different position with Defendant, as an Aircraft Maintenance Technician, and was therefore on new hire probation.

13.       Due to his accident, Mr. Rodriguez had many follow up doctor appointments.

14.       March 15, 2019, was Mr. Rodriguez's last day of work and he was placed on a medical leave of absence after that time by Defendant. He was told at this time by Defendant to let them know when he was able to return to work.

15.     Mr. Rodriguez's treating physician during this time was Dr. Jeffrey Rihn.

16.     While he was on a medical leave of absence, Mr. Rodriguez was told by his Union representative that he could not be terminated, only returned back to work in his previous position with Defendant.

17.     On April 1, 2019, Mr. Rodriguez underwent spinal surgery.

18.     On April 4, 2019, Mr. Rodriguez was fired.

19.     In September of 2019, Mr. Rodriguez was initially offered his job back. At this time Defendants also advised that they would be reinstating Mr. Rodriguez's medical insurance.

20.     On September 24, 2019, the Senior Manager of Aircraft Maintenance Technicians, Mr. James Flynn sent Mr. Rodriguez a letter advising him that in addition to his current medical leave of absence, FMLA leave might also be available to him.

21.     In or around early 2020, Mr. Rodriguez complained to Defendant's Human Resources ("HR") Department that he was being treated differently due to his race.

22.     Mr. Rodriguez advised HR that he never received any information from his supervisors or managers in regard to training on his new position.

23.     Upon information and belief, according to the FAA no technician should touch an airplane without proper training and when the time came around for Mr. Rodriguez to get certified they keep him in the hanger without training, basically setting him up for failure.

24.     Mr. Rodriguez's co-workers would all receive training memos and training materials.

25.     Mr. Rodriguez was never given instruction or briefed by management on the daily projects that needed to be completed, but his peers were provided this information by management.

26.     If Mr. Rodriquez needed to find out this information, he had to go to his peers.

27.     While Mr. Rodriquez's peers went to training school and were sent to get qualified training on the fleet, he was taken out of the training.

28.     In addition, Mr. Rodriquez's supervisors asked his coworkers about his work ethics, which is against Defendant's company policy.

29.     Mr. Rodriquez was told by HR that the company would do an investigation. Mr. Rodriquez was not provided an update on this investigation.

30.     Upon information and belief, Mr. Rodriquez's hiring manager, Dan Bower, was ultimately fired for being racist.

31.     Defendants fired a friend of Mr. Rodriquez's who was also Latino, Jose Guerrero, and the Union helped him to get his job back.

32.     In April of 2020, Mr. Rodriquez advised Defendant that he was not ready to return to work and would need additional leave.

33.     Defendants advised Mr. Rodriquez that they would adjust his medical leave.

34.     During this time Defendants were furloughing some employees due to COVID 19 and were able to grant Mr. Rodriquez's continuing leave request.

35.     On May 5, 2021, Mr. Rodriquez was returned to work by Dr. Rihn with work restrictions of sedentary work only, no repetitive bending or twisting, and no lifting greater than 15-20 pounds.

36.     On May 8, 2021, American Airlines rescinded Mr. Rodriquez's job offer, did not allow him to come back to work and subsequently terminated his employment.

37.     Defendants never reinstated Mr. Rodriquez's medical insurance.

38.     On July 22, 2021, Mr. Rodriquez filed a Charge of Discrimination with the EEOC asserting claims for discrimination based on race, disability and retaliation. The Charge was dually filed with the PHRC.

## IV. CAUSES OF ACTION

### COUNT I
### TITLE VII –DISCRIMINATION
### (42 .S.C.A. § 2000e-2(a))

39.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

40.     Defendants are responsible for the hostile work environment which allowed Plaintiff to be treated differently due to his race.

41.     Plaintiff's status as being Hispanic places him in a protected class.

42.     Plaintiff's membership in a protected class was a motivating factor in Defendants' decision to terminate his employment.

43.     Plaintiff suffered disparate treatment by Defendants, as set forth above.

44.     As such, Defendants' decision to terminate Plaintiff's employment is an unlawful employment practice under 42 U.S.C. § 2000e-2(a).

45.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

46.     As a result of the conduct of Defendants' management, Plaintiff demands punitive damages.

47.     Plaintiff demands attorney's fees and court costs under the Section 704(a) of the Title VII, 42 U.S.C. §2000e-3(a), et seq.

### COUNT II

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**RETALIATION**

48.     Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

49.     At set forth above, Plaintiff made complaints about sexual discrimination and harassing conduct in the workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

50.     Defendant took adverse action against Plaintiff by terminating his employment.

51.     As set forth above, Plaintiff' participation in protected activity was a motivating factor in Defendant decision to terminate his employment.

52.     As such, Defendant decision to terminate Plaintiff' employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

53.     As a proximate result of Defendant conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

54.     As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

55.     Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), *et seq.*, Plaintiff demands attorneys' fees and court costs.

**COUNT III**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**SECTION 1981**

56.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

57.     Section 1981 of the Civil Rights Act prohibits discrimination on the basis of race in the making of contracts, including employment contracts.

58.     The Defendant's conduct in terminating Plaintiff's employment was based on his race.

59.     The Defendant's conduct in terminating Plaintiff's employment would have been different "but for" Plaintiff's race.

60.     Pursuant to the Section 1981 of the Civil Rights Act, Plaintiff demands attorney's fees and court costs.

**COUNT IV**
**CLAIM--AMERICANS WITH DISABILITIES ACT FAILURE TO**
**ACCOMMODATE**
**(42 U.S.C.A. § 12101 et seq)**

61.     Mr. Rodriguez incorporates the preceding paragraphs as if fully set forth at length herein.

62.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

63.     Mr. Rodriguez is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

64.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

65.     At all times material hereto, Mr. Rodriguez has a qualified disability, as described above.

66.     Mr. Rodriguez's treating physician Dr. Rihn issued work restrictions of sedentary work only, no repetitive bending or twisting, and no lifting greater than 15-20 pounds.

67.     Mr. Rodriguez's spinal injury substantially limited the major life activities of caring for himself, performing manual tasks, sleeping, lifting, bending and working.

68.     Mr. Rodriguez's remained qualified to perform his essential job functions with or without a reasonable accommodation.

69.     Mr. Rodriguez's shoulder injury was a qualifying disability under the Americans with Disabilities Act ("ADA").

70.     Defendant's conduct in refusing to provide Mr. Rodriguez with reasonable accommodations for his disability after receiving notice of said disability constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

71.     Defendant failed to engage in the interactive process after Mr. Rodriguez told Defendant that he needed medical accommodations.

72.     Defendant failed to reasonably accommodate Mr. Rodriguez's disability.

73.     As a proximate result of Defendant's conduct, Mr. Rodriguez has sustained significant damages, including but not limited to: emotional distress, mental anguish, humiliation, pain and suffering, and consequential damages.

74.     As a result of the conduct of Defendant's owners/management, Mr. Rodriguez hereby demands punitive damages.

75.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., Mr. Rodriguez demands attorneys' fees and court costs.

## COUNT V
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT DISCRIMINATION
### (42 U.S.C.A. § 12101 et seq)

76.     Mr. Rodriguez incorporates the preceding paragraphs as if fully set forth at length herein.

77.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability.

78.     Mr. Rodriguez is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

79.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

80.     At all times material hereto, Mr. Rodriguez had a qualified disability, as described above.

81.     Defendant failed to engage in the interactive process after Mr. Rodriguez told Defendant he needed medical accommodations.

82.     As a proximate result of Defendant's conduct, Mr. Rodriguez sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Rodriguez has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

83.     As a result of the conduct of Defendant's owners/management, Mr. Rodriguez hereby demands punitive damages.

84.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Mr. Rodriguez demands attorneys' fees and court costs.

**COUNT VI**

## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT RETALIATION
### (42 U.S.C.A. § 12101 et seq)

85.     Mr. Rodriguez incorporates the preceding paragraphs as if fully set forth at length herein.

86.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not retaliate against an employee based his exercising his rights under the Americans with Disabilities Act.

87.     Mr. Rodriguez is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

88.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

89.     As set forth above, Mr. Rodriguez engaged in protected activity when he requested accommodations for his disability.

90.     Defendant failed to engage in the interactive process after Mr. Rodriguez told Defendant he needed medical accommodations.

91.     As a proximate result of Defendant's conduct, Mr. Rodriguez sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Rodriguez has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

92.      As a result of the conduct of Defendant's owners/management, Mr. Rodriguez hereby demands punitive damages.

93.      Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Mr. Rodriguez demands attorneys' fees and court costs.


### COUNT VII
### VIOLATION OF FMLA—INTERFERENCE
### (29 U.S.C. §2601 et seq.)

94.      Mr. Rodriguez incorporates the preceding paragraphs as if fully set forth at length herein.

95.      As set forth above, Mr. Rodriguez was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq..

96.      As described above, Defendant interfered with, restrained and denied Mr. Rodriguez's exercise and/or attempts to exercise his rights under the Family and Medical Leave Act.

97.      As a proximate result of Defendant's conduct, Mr. Rodriguez sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Rodriguez has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

98.      As a result of the conduct of Defendants' owners/management, Mr. Rodriguez hereby demands punitive and/or liquidated damages.

99.     Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Mr. Rodriguez demands attorney's fees and court costs.

### COUNT VIII
### VIOLATION OF FMLA
### RETALIATION
### (29 U.S.C. §2601 et seq.)

100.     Mr. Rodriguez incorporates the preceding paragraphs as if fully set forth at length herein.

101.     As set forth above, Mr. Rodriguez was entitled to and qualified for medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

102.     Defendant's motivation in terminating Mr. Rodriguez's employment was based, in part, upon his taking permissible FMLA leave.

103.     As a proximate result of Defendant's conduct, Mr. Rodriguez sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Rodriguez has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

104.     As a result of the conduct of Defendant's owners/management, Mr. Rodriguez hereby demands punitive and/or liquidated damages.

105.     Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Mr. Rodriguez demands attorneys' fees and court costs.

### V. RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Mr. Rodriguez demands judgement in his favor and against Defendant, American Airlines, in an amount in excess of $150,000.00 together with:

A.  Compensatory damages for: including, but not limited to: emotional distress,

pain and suffering, personal injury damages, economic loss, lost wages and

benefits, lost future earnings and lost future earning capacity;

B.  Punitive damages;

C.  Treble damages;

D.  Attorney's fees and costs of suit;

E.  Interest, delay damages; and,

F.  Any other further relief this Court deems just proper and equitable.

Date: <u>November 1, 2021</u>                    **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: <u>  s/ Mary Lemieux-Fillery          </u>
**MARY LEMIEUX-FILLERY, ESQUIRE**
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19110
Tel.: (267) 546-0132
Fax: (215) 944-6124
Email: Maryf@ericshore.com
*Attorney for Plaintiff, Lenin Rodriguez*

## **VERIFICATION**

I, Lenin Rodriguez, verify that the statements made in the foregoing Civil Action

Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein made are subject to penalty of law, relating to

unsworn falsification to authorities.

Date: 11/01/2021          BY: _____

                              Lenin Rodriguez

# EXH. A

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Lenin Rodriguez<br>4190 Oliver Lane<br>Boothwyn, PA 19061 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |

|  | *On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| **530-2021-04273** | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9707** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

|  | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|  | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|  | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|  | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| **X** | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
|  | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
|  | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Dana R. Hutter*

08/11/2021

Enclosures(s)

**Dana R. Hutter,**
**Deputy Director**

*(Date Issued)*

cc:
| Robert Jones Jr<br>AMERICAN AIRLINES, INC.<br>1 SKYVIEW DR<br>MD 8B503<br>Fort Worth, TX 76155 | Mary Lemieux-Fillery,<br>2 Penn Center, Suite 1240<br>1500 JFK Boulevard<br>Philadelphia, PA 19102 |

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*


**PRIVATE SUIT RIGHTS  --  Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS  --  Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION  --  Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.