**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LENIN RODRIGUEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2:21-cv-04835-JDW** |
| | ) | |
| **AMERICAN AIRLINES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
JOINT MOTION FOR ENTRY OF
STIPULATED CONSENT PROTECTIVE ORDER**

Plaintiff Lenin Rodriguez ("Plaintiff" or "Rodriguez") and Defendant American Airlines, Inc. ("Defendant" or "American Airlines") respectfully submit this Memorandum of Law in Support of their Joint Motion for Entry of a Protective Order.

**I.     ARGUMENT**

Under Rule 26, the Court may enter a protective order for "good cause." In determining whether good cause exists, courts in this Circuit have adopted a balancing test, weighing: (1) the interest in privacy of the party seeking protection; (2) whether the information is being sought for a legitimate or improper purpose; (3) the prevention of embarrassment, and whether that embarrassment would be particularly serious; (4) whether the information sought is important to public health and safety; (5) whether the sharing of the information among litigants would promote fairness and efficiency; (6) whether the party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public (hereinafter the "Pansy Factors"). See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787-91 (3d Cir. 1994); see also In re Avandia Marketing, Sales Practices and Prods. Liability Litig., 924 F.3d 662, 671 (3d Cir. 2019).

The parties anticipate that discovery in this action will involve the disclosure of confidential information and/or the production of documents containing confidential information for which special protection from public disclosure may be warranted.  These confidential materials are expected to include personal information, confidential medical records and related information, and third-party personnel records.  Specifically, in addition to the production of Plaintiff's extensive medical records and related information, Plaintiff has requested, and American Airlines anticipates producing, confidential personnel information and related documents of other employees who are not parties to this litigation and have not consented to having their private information made public.  As such, the *Pansy* Factors weigh heavily in favor of the entry of the attached proposed Protective Order.  The protective order is sought for the legitimate purpose of protecting American Airlines' confidential information, as well as the private information of third parties and Plaintiff.  There are no outside parties seeking the information, which has no relevance to the public health or safety, and American Airlines is not a public entity seeking to prevent disclosure.

Additionally, the Protective Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the definitions set forth in the Protective Order.  Furthermore, the Protective Order does not entitle the Parties to file confidential information under seal.  Rather, any application from the parties to file material under seal will be governed by the Local Rules, this Court's policies and procedures, and In re Avandia Mktg., Sales Practices & Prod. Liab. Litig., 924 F.3d 662 (3d Cir. 2019).  Finally, practical methods for resolving disputes as to the classification of documents as being worthy of protection (or not

FP 43697456.3

being worthy of protection) are included within the Order and substantially similar orders have been entered by state and federal courts in past cases.

Accordingly, the proposed Protective Order reflects an appropriate balance of both Parties' legitimate interests, and the <u>Pansy</u> Factors weigh in favor of the Court entering the Order.

## II.   **CONCLUSION**

WHEREFORE, the parties respectfully request that the proposed Protective Order attached hereto as Exhibit 1 be entered as an Order of the Court.

Date: April 15, 2022                                          Respectfully submitted,


*/s/ Mary Lemieux-Fillery*                          */s/ Daniel E. Farrington*

Mary Lemieux-Fillery (Pa. ID 312785)          Daniel E. Farrington (*pro hac vice*)
LAW OFFICES OF ERICA A. SHORE, P.C.          Fisher & Phillips LLP
1500 John F. Kennedy Blvd.                          7501 Wisconsin Ave.
Philadelphia, PA 19910                                  Suite 1220W
Email: Maryf@ericshore.com                          Bethesda, MD 20814
                                                                  Tel. (301) 951-1538
*Counsel for Plaintiff*                                    Fax (301) 880-5031
*Lenin Rodriguez*                                         dfarrington@fisherphillips.com

                                                                  Christina M. Michael (Pa. ID 307708)
                                                                  Fisher & Phillips LLP
                                                                  Two Logan Square, 12th Floor
                                                                  100 N. 18th St.
                                                                  Philadelphia, PA 19103
                                                                  Tel. (610) 230-2158
                                                                  Fax (610) 230-2151
                                                                  cmichael@fisherphillips.com

                                                                  *Counsel for Defendant*
                                                                  *American Airlines, Inc.*

FP 43697456.3